## Dixon's Estate.

*Taxation—Inheritance tax—Refund—Erroneous payment of tax—Estate by entireties—Act of June 20, 1919.*

1. An application for refund of inheritance taxes, alleged to have been erroneously paid to the State, will be refused where the error alleged is one of law.

2. Where a tax on real estate has been assessed against a husband's estate and paid by his executor, and no appeal is taken as provided by the Act of June 20, 1919, P. L. 521, a refund will not be allowed on the ground that the estate in the land was an estate by entireties owned by the decedent and his wife, and surviving to her by operation of law as her absolute property.

3. The construction of the deed, which vested the estate in the decedent and his wife, was a question of law.

Department of Justice. Opinion to Hon. Edward Martin, Auditor General.

MOYER, Dep. Att'y-Gen., Dec. 21, 1925.—In a recent communication to this department you set forth briefly the facts concerning an application pending in your department for refund of inheritance taxes in the estate of Harry Dixon, late of Philadelphia County, deceased, as follows: "The application for refund is based on the grounds that a certain property, located at 2848 West Lehigh Avenue, Philadelphia, was included in the appraisement made for inheritance tax purposes in said estate, whereas the title to said property at the time of decedent's death was in the name of said decedent and his wife, being held by them as tenants by the entireties. No appeal was taken from said appraisement. The property being held by the husband and wife by entireties, upon his death, the husband left no interest in this property to transmit, either under the intestate laws or by will."

You inquire whether this case comes within the provisions of section 40 of the Act of June 20, 1919, P. L. 521, authorizing a refund of transfer inheritance tax "erroneously paid into the Treasury."

I have examined the petition to the State Treasurer in this case, together with the other proofs and affidavits offered and on file in your department. From said petition and proofs, I have the following additional facts: That the decedent, Harry Dixon, died Nov. 23, 1924, leaving a will, which was admitted to probate Dec. 3, 1924; that letters testamentary were granted to Carrie Coates Dixon, the petitioner; and that, on Feb. 24, 1925, an appraisement of said estate for transfer inheritance tax purposes, in accordance with the provisions of the Act of June 20, 1919, P. L. 521, was duly made and filed.

Dixon's Estate.

A tax was imposed in the sum of $104.28 upon a clear value of the estate subject to such tax, in the amount of $5214.25. This tax was paid on May 7, 1925. No appeal was taken from said appraisement.

Included in the appraisement just referred to, there appears the following item: Real estate, 1 three-story brick house and store, No. 2848 West Lehigh Avenue, lot 16 x 67, $25,000, less mortgages $16,000, making $9000.

In paragraph five of said petition, it is stated as follows: "The title to premises No. 2848 West Lehigh Avenue, Philadelphia, was held in the names of said Harry Dixon and your petitioner, his wife, being by survivorship or as tenants by the entireties, said deed being recorded in the office for the recording of deeds in and for the County of Philadelphia, in Deed Book J. M. H., No. 1886, page 364, etc. It is contended, therefore, by the petitioner, that said property "was not the property of said decedent, and *became at his death, by operation of law,* the absolute property of your petitioner as his surviving wife." The petitioner further avers that "by an oversight the said real estate was appraised as the property of said decedent, and tax at the rate of 2 *per centum* was paid thereon," and, accordingly, asks that the total amount of tax paid, to wit, $104.28, be refunded, adding further that "the debts and expenses exceeded the appraised valuation of the personal estate and no tax should have been paid in said estate."

I am advised that the petition in question, which was filed Aug. 22, 1925, was transmitted to you as Auditor General by the State Treasurer for consideration and settlement in the first instance.

Section 40 of the Act of June 20, 1919, P. L. 521, to which your inquiry is directed, provides, in part, as follows: "In all cases where any amount of such tax is paid erroneously, the State Treasurer, on satisfactory proof rendered to him by the register of wills or Auditor General of such erroneous payment, may refund and pay over to the person paying such tax the amount erroneously paid. All such applications for the repayment of such tax erroneously paid in the Treasury shall be made within two years from the date of payment, etc."

It is under this particular provision of the Act of 1919 that the application is made in this case on the ground that the transfer inheritance tax was "erroneously paid in the Treasury."

Section 13 of said Act of 1919 provides as follows: "Any person not satisfied with any appraisement of the property of a resident decedent may appeal, within thirty days, to the Orphans' Court, on paying or giving security to pay all costs, together with whatever tax shall be fixed by the court. Upon such appeal the court may determine all questions of valuation and of the liability of the appraised estate for such tax, subject to the right of appeal to the Supreme or Superior Court."

Notwithstanding the fact that under said section 13 any one not satisfied with the appraisement in question or any part thereof could have appealed, within thirty days, to the Orphans' Court, and the court could have determined the question of the liability of the appraised estate for such tax, particularly the tax on the property in question, it appears that no appeal was taken from the appraisement and that the executrix of the estate paid the tax without question.

The petitioner contends that she should not have paid the tax in question, because, by operation of law, said real estate was not the property of the decedent at his death. If the petitioner made a mistake and paid the tax on the property in question, her mistake was on a question of law. Petitioner's contention that the certain real estate in question was not the property of the

decedent at the time of his death goes to the construction of the deed of said property. The construction of a deed in which there is no ambiguity is a question of law: Cox v. Freedley, 33 Pa. 124; Vincent v. Lessee of Huff, 8 S. & R. 381.

In an opinion by Attorney-General Kirkpatrick to the Auditor General, May 2, 1887, construing the word "erroneously," as found in the Act of June 12, 1878, P. L. 206, which act authorized the State Treasurer to refund collateral inheritance tax which had been paid "erroneously to the Register of Wills of the proper county for the use of the Commonwealth, . . . on satisfactory proof rendered to him by said Register of Wills of such erroneous payment," it was expressly held that where such error is one of law, it is not within the provisions of said Act of 1878.

Likewise, in an opinion by John Robert Jones, Deputy Attorney-General, to the State Treasurer on July 28, 1924, construing the meaning of the very term "erroneously" in the same section and act in question here, it was expressly held, among other things, that all questions of law as to the valuation and liability of an appraised estate for the tax are conclusively determined upon a failure to take an appeal as provided in the act.

You are, therefore, advised that the State Treasurer is without authority, under section 40 of the Act of June 20, 1919, P. L. 521, to make a refund of the transfer inheritance tax paid into the Treasury in this case. She should have appealed from said appraisement within thirty days to the Orphans' Court, as provided in said section 13 of the Act of 1919. Her only remedy now is an appeal to the State legislature. A copy of this opinion will also be transmitted to the State Treasurer.

From C. P. Addams, Harrisburg, Pa.